UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21125-CIV-HOEVELER

CDI, INC., a Florida corporation,

    Plaintiff,

v.

MURAD, INC., a California corporation,

    Defendant.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Defendant's motion for summary judgment. Plaintiff filed a response, and Defendant filed a reply brief - on August 15, 2011.[1] As material issues of fact remain in dispute, the Court has determined that this matter is not appropriate for summary judgment.

### BACKGROUND

This trademark dispute was filed pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, alleging that Defendant's skincare products and marketing campaign for such products under the mark "The Doctor Brand" infringes on Plaintiff's mark "Dr. Brandt" which appears on Plaintiff's skincare products. According to the Amended Complaint, Plaintiff is a leading provider of high quality skin care products and dermatological services. Dr. Brandt is the founder of CDI, Inc., whose products are labeled "Dr. Brandt". CDI owns two trademark registrations: No. 3,483,036 (registered

---

[1] Plaintiff moved to strike portions of the reply brief, or for leave to file a sur-reply. The motion to strike is DENIED, and the Motion for Leave to File Sur-Reply is GRANTED.

August 12, 2008) - for skin creams, etc., and No. 3,084,588 - for skin care and dermatology services (registered April 25, 2006), and claims to have adopted the mark "Dr. Brandt" since at least August 2001.

Defendant Murad registered "The Doctor Brand" with the United States Patent and Trademark Office on November 8, 2005 (No. 3,013,575), and allegedly first used the mark in May 2005. According to Defendant, prior to obtaining the registration for the mark, a trademark availability search was conducted in October 2002 which did not reveal the "Dr. Brandt" mark.

Plaintiff complains that Defendant is selling its skincare products in some of the same stores selling the Dr. Brandt products and that consumer confusion is inevitable because of the similarity in appearance, the phonetic equivalence of the marks, and the overlap in goods and trade channels. In addition to an infringement claim (Count I), Plaintiff seeks cancellation of "The Doctor Brand" registration based on confusing similarity (Count II), and also because Defendant Murad allegedly has abandoned the "The Doctor Brand" mark (Count III).

## MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment on the basis that Defendant's trademark, "The Doctor Brand", does not create a likelihood of confusion with Plaintiff's "Dr. Brandt"mark, nor is there any basis for a finding that Defendant has abandoned the "The Doctor Brand" mark.[2] Specifically, Defendant argues that despite the similarity

---

[2]On Oct. 20, 2009, Murad filed another trademark application - this time to use "The Dr. Brand", to which CDI filed an opposition on Feb. 17, 2010; Murad answered the opposition, and then filed a Notice of Express Abandonment, and the

2

in sound of the names, there are no visual similarities between the two parties' products. Plaintiff opposes the request for summary judgment, arguing that the determination of whether two marks have a likelihood of confusion is a question more appropriately reserved for a jury.

Defendant argues that Plaintiff has failed to offer evidence as to the likelihood of confusion of the marks, and Defendant offers the report of Kenneth Hollander, retained by Defendant to conduct a survey of 600 members of the consuming public. Plaintiff challenges the representative nature of the survey conducted by Hollander, claiming that the survey participants were younger than Plaintiff's customer base and should have been shown an image of the Plaintiff's products, along with images of Defendant's products - without offering any survey evidence of its own to establish that there is a likelihood of confusion.

Although the Court finds merit in Defendant's arguments, I am unable to conclude that there is an absence of disputed material fact in this case. It is, therefore,

ORDERED AND ADJUDGED that the Defendant's motion for summary judgment is DENIED.

DONE AND ORDERED in Miami, Florida, this 30 day of September 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:
    counsel of record

---

Trademark Trial and Appeal Board issued an order on April 28, 2010, refusing that registration attempt by Murad. Plaintiff claims that such actions should be *res judicata* against any use by Defendant of "The Dr. Brand."

3